UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**BARRETT JAMES LUDWICZAK**  PLAINTIFF

v.  CIVIL ACTION NO. 4:25-CV-009-JHM

**DAVIESS COUNTY SHERIFF OFFICE,** *et al.*  DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. By prior Memorandum and Order, the Court issued a stay of the action pending the disposition of the state-court criminal case against Plaintiff. Because Plaintiff has now been sentenced in the criminal case, **IT IS HEREBY ORDERED** that the **STAY** is **LIFTED**. The complaint is once again before the Court on an initial review of the remaining claims pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

**I.**

Plaintiff Barrett James Ludwiczak filed this action against the Daviess County Sheriff's Office ("DCSO"), DCSO Detective Josh White, and DCSO Officer R. Coomes in their individual and official capacities. [DN 1]. Plaintiff alleges that on November 4, 2024, Defendants White and Coomes served a writ of possession on Plaintiff. Plaintiff states that the writ was signed by a judge lacking jurisdiction and that the writ had no legal authority. Plaintiff represents that he immediately exited his home and shut the door. He claims that the officers illegally entered his home. He complains that his father had no legal grounds to sign a consent to search the property. He further represents that he made no statements after he was given his *Miranda* warnings. Finally, Plaintiff asserts that he "suffered physical abuse, bruised wrists from tight handcuffs and dehydration in back of vehicle for an hour." [*Id*. at 4].

On initial review, the Court dismissed Plaintiff's claims against DCSO, construed as brought against Daviess County, his official-capacity claims, his excessive-force claims, and his injunctive-relief claims pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. The Court allowed Plaintiff's Fourth Amendment claims of wrongful arrest and unlawful search and seizure to proceed against Defendants White and Coomes in their individual capacities and stayed the claims pending completion of Plaintiff's pending state-court criminal case. *See Commonwealth v. Ludwiczak*, Criminal Action No. 25-CR-46 (Daviess Circuit Court).[1]

At the Court's direction, on October 14, 2025, Plaintiff filed a status report informing the Court that he accepted a plea agreement in his state-court criminal action to four drug-related offenses and that final sentencing would occur on November 25, 2025. [DN 8]. A review of the state-court criminal action reflects that Plaintiff's final sentencing in the matter occurred on December 9, 2025.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual

---

[1] The Kentucky Court of Justice online court records are available at https://kcoj.kycourts.net/kyecourts. A court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F.3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82–83 (6th Cir. 1969).

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff's claims against Defendants White and Coomes for wrongful arrest and unlawful search and seizure are barred by the principles set forth in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). In *Heck*, the Supreme Court held that a state prisoner could not state a cognizable claim

3

under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner showed that the conviction or sentence had been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* (footnote omitted). "[C]ivil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.* at 486. This principle holds true whether the plaintiff seeks damages or equitable relief. *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (A "prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Plaintiff's Fourth Amendment claim for wrongful arrest calls into question the validity of his conviction. "A finding of a Fourth Amendment violation concerning the [Plaintiff's] arrest[] would necessarily imply the invalidity of [his] conviction[]; thus, [his] unlawful arrest claims are not cognizable under § 1983 because [his] conviction[] ha[s] not been reversed, expunged, or invalidated by any court." *Martin v. Girard*, 215 F.3d 1327, 2000 WL 658326, *2 (6th Cir. 2000); *see also Hobson v. Turner*, No. 3:18-CV-P187-DJH, 2020 WL 967347, at *3 (W.D. Ky. Feb. 27, 2020); *Bell v. Biven*, No. 2:12-CV-15077, 2019 WL 1785352, at *5 (E.D. Mich. Apr. 23, 2019) (denying a plaintiff's motion to reopen his stayed/administratively closed 42 U.S.C. § 1983 action for false arrest as futile under *Heck* because his conviction had not been overturned on appeal, his petition for a writ of a habeas corpus was not currently successful, and his conviction had not otherwise been terminated in his favor). Essentially, "pleading guilty to a criminal charge estops the plaintiff from challenging probable cause for the arrest for that violation for purposes of a

4

section 1983 claim." *Ward v. Borders*, No. 3:16-CV-393-RGJ-RSE, 2022 WL 4237501, at *3 (W.D. Ky. Sept. 14, 2022) (quoting *Helfrich v. City of Lakeside Park*, No. CIV. A. 2008-210 WOB, 2010 WL 3927475, at *1 (E.D. Ky. Oct. 4, 2010)).

Similarly, Plaintiff's allegations of illegal search and seizure of evidence calls into question the validity of his state-court criminal conviction. Specifically, Plaintiff claims that Defendants violated his Fourth Amendment rights by conducting an unlawful search and seizure. The search in question led to discovery of the drugs and the resulting charges. In turn, Plaintiff pleaded guilty to the drug charges. "Courts have routinely found Fourth Amendment claims *Heck*-barred in similar circumstances where the seized evidence was essential to the plaintiff's conviction." *Maxwell v. Fields*, No. 1:23-CV-319, 2023 WL 8284236, at *2 (W.D. Mich. Nov. 3, 2023); *see also Holson v. Good*, 579 F. App'x 363, 365 (6th Cir. 2014) (applying *Heck* bar to Fourth Amendment claim challenging a search that produced evidence essential to plaintiff's state-court conviction); *Wynn v. Whittaker*, No. 1:23CV-00087-JHM, 2024 WL 2834488, at *2 (W.D. Ky. June 4, 2024) (same).

Because Plaintiff's conviction has not been reversed on appeal or called into question in any of the ways articulated by *Heck*, he cannot proceed with these claims. Accordingly, Plaintiff's claims for wrongful arrest and illegal search and seizure will be dismissed for failure to state a claim.

**IV.**

For the reasons set forth herein, the Court will dismiss this action by separate Order.

Date: January 15, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiffs, *pro se*
4414.014